[No. 13173. Department One. April 1, 1916.]

Frank Anderson et al., Appellants, v. William H. Hassell et al., Respondents.[1]

Appeal—Review—Findings. Findings will not be disturbed unless it can be said that they are not sustained by the preponderance of the evidence.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered April 21, 1915, upon findings in favor of the defendants, in an action on contract, tried to the court. Affirmed.

*James O. Cull* and *Englehart & Rigg*, for appellants.

*Clark & Lockhart* and *Oscar Cain*, for respondents.

Per Curiam.—Appellants are the owners of two tracts of land situated on the Yakima Indian reservation. In order to secure a supply of water for irrigation purposes, they entered into a contract with respondent Hassell for the construction of a cement pipe line which should extend from a main irrigation ditch to appellants' lands lying about a mile to the south of the main ditch.

[1]Reported in 156 Pac. 402.

It was agreed that there should be five hundred feet of sixteen-inch pipe, four thousand five hundred feet of fifteen-inch pipe, and one thousand three hundred and twenty feet of eight-inch pipe, and it was stipulated that the pipe should "be constructed of such materials and with such reinforcement and of such quality that it would withstand a pressure of a thirty-foot head of water without break, crack, check or leak;" that appellants were to have the right to furnish teams and drivers with wagons necessary for the work; that the line should be completed by April 10, 1913, and a per diem penalty was provided in the event that there should be a failure to complete within the time set. It was further agreed that the pipe line should be connected at the point of intake with a box or head-works to be provided by appellants; and that appellants should furnish and equip the line with air valves.

Respondent National Surety Company carried the bond of the contractor in the sum of $4,000.

With the consent of all parties, the contract was, on March 26, 1913, modified to read that the pipe line should withstand a thirty-two-foot head of water instead of a thirty-foot head, and on the 30th day of April, 1913, the contract was still further modified in that respondent was released from the construction of the eight-inch pipe, and an extension of time was given for the completion of the remaining work. Respondent Surety Company did not sign this last contract. It now contends that there was a material modification of the original contract and, being made without its consent, it is released from the obligation of its bond. Under our holding, it is unnecessary to inquire into this question. The work was not completed within the time agreed, and there is evidence that the results obtained from the final tests of the pipe line were unsatisfactory.

The case is purely one of fact, and was tried to the court without a jury. The trial court, with all of the parties before it, found that the respondent Hassell complied with the

terms of the contract in full, except where he was prevented from so doing by the acts of the appellants; that the damage which appellants allege they have sustained was caused by their own acts and interference as follows: Faulty construction and control of the head-box at the intake, which resulted in water being admitted to the pipe line before same was completed; (2) improper equipment of the line with air valves, causing "water hammer;" (3) interference with the backfilling of the trench, thereby preventing the pipe line from properly seasoning and curing.

After a careful review of the record, we are not prepared to say that the holding of the trial court is not sustained by a preponderance of the evidence. The judgment is therefore affirmed.